UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIRA POKROVSKI, on behalf of herself and all others similarly situated,<br><br>                      Plaintiff,<br>  v.<br><br>SANTANDER BANK, N. A.<br><br>                      Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Kira Pokrovski ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Santander Bank, N. A. ("Santander" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act ("TCPA"). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an "automatic telephone dialing system" ("ATDS") to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to place autodialed telephone calls using an artificial or prerecorded voice to consumers who did not provide their prior express written consent to receive them, and (3) obtain redress for all persons injured by its conduct.

## NATURE OF THE ACTION

1. This is a class action against Santander Bank, N. A. for its widespread, pervasive violations of the TCPA.

2. Santander called Ms. Pokrovski's cellular telephone using an artificial pre-recorded voice ("APRV") multiple times, including calls on June 12, 2020 and July 13, 2020 from the telephone number (888) 222-4227.

3. When Plaintiff answered the calls, a robotic voice identified itself as Santander Bank and inquired about debt.

4. Defendant owns the telephone number (888) 222-4227. In fact, when the number is dialed back, an automation answers which states: "Thank you for calling Santander Consumer USA."

5. Plaintiff is not a customer of Defendant and has no prior relationship with Defendant. As such, Plaintiff was clearly not the intended recipient of the autodialed call.

6. Plaintiff never provided express written consent to be called by Defendant.

7. The unlawful calls placed to Plaintiff are part of Defendant's pattern of practice of calling consumers on their cellular telephones using an automated pre-recorded voice who have no direct relationship with Defendant, and are not the proper subjects of Defendant's calls.

8. Defendant placed these calls using an automated pre-recorded voice ("APRV").

9. Defendant conducted (and continues to conduct) a wide-scale campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular telephones without prior express written consent using an APRV, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

10. Plaintiff's situation is not unique because when placing these calls to consumers, Defendant fails to obtain prior express written consent as required by the TCPA from cellular telephone owners/users to make such calls, and routinely makes calls to consumers who are not the intended recipients of the calls.

11. In fact, there are many examples of consumers complaining about Defendant's practice. The phone number has a "Spammer Score" of "100%" on numberguru.com, and has

been reported for spam 43 times on the same website.[1] Complaints such as the below are rampant.

- "Santander will call you 20 times a day even if you tell them that you are not the person they are looking for. The voicemail they left was almost completely not understandable and they just wouldn't stop calling."[2]

- "they call me several times every day for someone I once knew... I have let them know that I am no longer in contact with the person they are looking for, but they continue their anooying calls. Leaving an eternal message on my voicemail that starts in English and is then translated in many other languages, urging you to contact them. Say they are calling from *drive financial* more like *drive people crazy* :)"[3]

- "asking for someone named "Tyson". AFter telling them I don't know him and to stop calling me they hun up. They called back and hung up when I answered."[4]

- "i have told them 3 times I already bought a car through another finance company at a far better rate.. they still call once or twice a day clogging up my voicemail"[5]

- "Calling me and leaving voice messages, twice in the last week. I HAVE NO BUSINESS WITH THEM! Why don't you folks do your job and fine these

---

[1] https://www.numberguru.com/phone/888/222/4227/
[2] https://www.numberguru.com/phone/888/222/4227/
[3] https://www.callercenter.com/888-222-4227.html
[4] https://www.callercenter.com/888-222-4227.html
[5] https://www.callercenter.com/888-222-4227.html

people? How many complaints do you need to receive before you swing into action? They need to be fined MASSIVELY!! So get on it already!!!"[6]

- "I do not have any business with these people, never have, don't know who they are. They are calling me for months, leaving 13 messages on my voicemail. I want them to be PROSECUTED! I am on the DNC list. Thank You!"[7]

- "I have been receiving calls from this number on several numbers, several times a day for years now. They are a nuisance."[8]

12. At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed telemarketing calls are being made to consumers' cellular telephones through its own efforts and their agents.

13. Defendant knowingly made (and continues to make) prerecorded solicitation calls to cellular telephones without the prior express written consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

14. By making these calls, Defendant knowingly caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes but is not limited to the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, the consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

---

[6] https://www.callercenter.com/888-222-4227.html
[7] https://www.callercenter.com/888-222-4227.html
[8] https://www.callercenter.com/888-222-4227.html

15. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an ATDS and APRV without their prior express written consent within the meaning of the TCPA.

## PARTIES

16. Plaintiff Kira Pokrovski is, and at all times mentioned herein was, a resident of Brooklyn, New York, and a citizen of the State of New York.

17. Defendant Santander Bank, N. A. is a Massachusetts-based National Association with a principal place of business at 75 State Street, Boston, Massachusetts, 09109. Defendant is a "person" as defined by 47 U.S.C. § 153(39). Defendant conducts substantial business throughout this District and the State of New York.

18. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

19. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

20. This Court has personal jurisdiction over Defendant because Defendant purposefully availed itself of this forum by engaging in suit-related conduct in this District.

21. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

23. Plaintiff also proposes the following Class: All persons within the United States who (a) received a nonemergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant in order to promote its products or services; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

24. Plaintiff represents, and is a member of, the Class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

25. Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

26. Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

27. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

28. The proposed Class can be identified easily through records maintained by Defendant.

29. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the Class's claims predominate over questions which may affect individual members of the proposed Class. Those common question of law and fact include, but are not limited to, the following:

   a. Whether Defendant made telephone calls to Plaintiff and class members using an automated pre-recorded voice without their prior express written consent;

   b. Whether Defendant's conduct was knowing and/or willful;

   c. Whether Defendant is liable for damages, and the amount of such damages, and

   d. Whether Defendant should be enjoined from engaging in such conduct in the future.

30. Plaintiff asserts claims that are typical of each member of the Class because she is a person who received at least one call on her cellular telephone using an automated pre-recorded voice without her prior express written consent.

31. Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

32. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

33. A class action is the superior method for the fair and efficient adjudication of this controversy.

34. Class wide relief is essential to compel Defendant to comply with the TCPA.

35. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

36. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

37. Defendant has acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.

38. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, *et seq.*

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

43. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), 47 U.S.C. § 227, *et seq.*

44. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 et seq.

46. As a result of Defendant's violations of 47 U.S.C. § 227 et seq., Plaintiff and members of the proposed Class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

47. Plaintiff and members of the proposed Class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

48. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

    a.    Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    b.    As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c.    As a result of Defendant's violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

    d.    An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

    e.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firm representing Plaintiff as counsel for the Class;

    f.    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: August 20, 2020                    Respectfully submitted,

                                              **BURSOR & FISHER, P.A.**

                                              By:   */s/ Joshua D. Arisohn*

                                              Joshua D. Arisohn
                                              Max S. Roberts
                                              888 Seventh Avenue
                                              New York, NY 10019
                                              Telephone: 646-837-7150
                                              Facsimile: (212) 989-9163

E-Mail: jarisohn@bursor.com
mroberts@bursor.com

*Attorney for Plaintiff*